UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD WHITE,<br><br>                Petitioner,<br>      v.<br><br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF LANCASTER and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PA,<br><br>                Respondents. | No. 5:16-cv-03895 |

## **O P I N I O N**
**Petitioner's Motion for Relief from Judgment or, in the Alternative, Reconsideration, ECF Nos. 12-13—Denied**

**Joseph F. Leeson, Jr.**                                                                                      **January 26, 2018**
**United States District Judge**

       Petitioner Edward White filed a habeas corpus petition, ECF No. 1, to which the government responded, ECF No. 6. United States Magistrate Judge Richard A. Lloret issued a Report and Recommendation (R&R) recommending that White's petition be dismissed as untimely filed. ECF No. 9. White did not file objections to the R&R. On May 15, 2017, this Court adopted the R&R and dismissed White's petition. ECF No. 11.

       After this Court dismissed his petition, White filed two letters requesting review of his case. In the first, dated May 7, 2017, White requests relief from judgment under Rule 60. He argues that his case was appealed in a timely fashion, attaching the state court record, and highlights his mental impairment. ECF No. 12. In the second letter, received on June 1, 2017, White requests that the court reconsider his case because no one had advised him of any time frame for his petition. ECF No. 13. This Court will construe this pair of letters as a motion for

relief from judgment under Federal Rule of Civil Procedure 60(b) or, in the alternative, for reconsideration.[1] But because White has not established grounds for either of these forms of relief, this Court will deny his motion.

Rule 60(b) provides litigants with a mechanism by which they may obtain relief from a final judgment "under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(6) also includes "any other reason that justifies relief," but a district court may only grant relief under Rule 60(b)(6) in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). The Third Circuit Court of Appeals has recognized that Rule 60(b)(6) "is a difficult standard to meet, and '[s]uch circumstances will rarely occur in the habeas context.'" *Satterfield v. Dist. Attorney of Philadelphia*, 872 F.3d 152, 158 (3d Cir. 2017) (quoting *Gonzalez*, 545 U.S. at 535).

"[T]he purpose of a motion for reconsideration is to correct a manifest error of law or fact or to present newly discovered evidence." *Pryce v. Scism*, 477 F. App'x 867, 869 (3d Cir. 2012). A habeas petitioner can prevail on a Rule 59(e)[2] motion for reconsideration on only three

---

[1] In his second letter, White mentions an upcoming parole date of June 5, 2017. Assuming he was in fact paroled on that date, this Court still has jurisdiction over his habeas action, because "[a] petitioner who is on parole from his sentence at the time of filing a petition under § 2254 is deemed 'in custody' for the purposes of habeas corpus relief because release on parole is not unconditional and imposes significant restrictions on the petitioner's liberty." *Wiggins v. Attorney Gen. of the State of Pennsylvania*, No. CV 15-3889, 2016 WL 7428203, at *7 n.2 (E.D. Pa. Dec. 22, 2016) (quoting *Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963)).

[2] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Although White requests "reconsideration" of this Court's earlier ruling and not amendment of judgment *per se*, "[a] motion for reconsideration is treated as the 'functional equivalent' of a motion pursuant to Rule 59(e) which seeks to alter or amend a judgment." *3039 B Street Associates, Inc. v. Lexington Ins. Co.*, No. 09–1079, 2010 WL

grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *Pierre-Louis v. Warden Canaan USP*, 578 F. App'x 61, 64 (3d Cir. 2014) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

White cannot meet either standard for relief. In both of his letters, he contends that his petition was timely, and that the state court record supports the timeliness of his petition. However, Judge Lloret correctly concluded that White's petition is untimely. R&R 3, 9. White protests that he suffers from mental impairments and a learning disability. Once again, though, Judge Lloret addressed this issue in the R&R: he recognized that although White suffers from organic brain dysfunction, this fact alone does not entitle White to equitable tolling of the one-year limitations period applicable to his habeas petition. R&R 6-7. Judge Lloret observed that the Third Circuit Court of Appeals has held that mental incompetence is not a *per se* reason to toll the statute of limitations and concluded that White presented no evidence to support his "conclusory assertion that his mental impairment affected his ability to timely file a habeas petition." R&R 6. White does not dispute this conclusion in any meaningful way, and he presents similar conclusory assertions in his letters; these assertions do not entitle him to relief.

In his second letter, White requests review because "no one explained any kind of time frame to me." ECF No. 13. Unfortunately, White's unfamiliarity with the procedural requirements for his petition do not entitle him to relief. The Third Circuit Court of Appeals has held that "[t]he fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799–800 (3d Cir. 2013)

---

3431609, at *1 (E.D. Pa. Aug. 27, 2010) (quoting *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)).

*see also Doe v. Menefee,* 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires . . . such inadvertence on Doe's part cannot constitute reasonable diligence.").

White has not established fraud, mistake, newly discovered evidence or extraordinary circumstances that would entitle him to relief from judgment under Rule 60(b). Nor has he shown a change in controlling law, the availability of new evidence or the need to correct a clear error of law or prevent manifest injustice as required to obtain relief under Rule 59(e). Accordingly, this Court denies his motion.

A separate Order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge